UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-474-S

JANE DOE, et al.,                                                                    PLAINTIFFS

V.

GOV. ERNIE FLETCHER, et. al.,                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiffs, who were convicted of offenses that require them to register on the Kentucky Sex Offender Registry, have moved to enjoin the enforcement of the portions of 2006 Kentucky General Assembly House Bill 3 ("HB 3" or "the Act") that prohibits registered sex offenders from "residing within 1,000 feet of a high school, middle school, elementary school, preschool, publicly owned playground or licensed daycare facility."

When deciding whether to issue a preliminary injunction, the Court considers the following four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). These factors are to be balanced against one another and are not prerequisites to the grant of a preliminary injunction. *Id.* The Court finds that these factors are not satisfied.

Plaintiff has not shown that there is a "strong" likelihood of success on the merits. Although the various cases Defendants cite are all distinguishable from the case at bar, courts

have been very lenient in allowing statutes abrogating the rights of sex offenders to be held constitutional.  It would be speculative for the Court at this point to presume that this statute will be held unconstitutional, even in part.  Without further findings of fact and better development of arguments for the Court to consider, it is impossible to make a determination that even Plaintiff's strongest argument, i.e., that the statute operates as an ex post facto punitive law against persons who had been living lawfully in an area but will be forced to move, will survive on the merits.

Plaintiffs have argued that enforcement of this statute will force them to move their residency, but they have not shown that no other residency is available or that they will not be able to recuperate fair market value for their properties.  Therefore, it is not clear whether the application of this statute will in fact cause irreparable harm.  Moreover, to avoid these and other undue hardships, law enforcement officials retain the discretion to enforce the new statute in a humane and sensible manner, considering all relevant factors.

There remains a possibility that the challenged statute may be applied to some individuals in a manner that violates the ex post facto provisions of Article 1, Section 9, of the United States Constitution.  However, at this preliminary stage the Court cannot conclude that such a result is a substantial likelihood.  That this statute may be enforced in a strict manner which gives the appearance of unfairness to a particular individual or group of individual is not reason enough to enjoin enforcement in these circumstances.   The preliminary injunction test requires a careful balancing, and in this case the third and fourth prongs do not overcome the substantial deficiencies of the first two prongs.

Therefore, for all of the reasons stated, it is hereby ordered that the Plaintiff's motion for a preliminary injunction is denied.

JOHN G. HEYBURN II
CHIEF JUDGE, U.S. DISTRICT COURT

This 10th day of October, 2006.

cc:    Counsel of Record